Frederick J. Harrison, #5-1586
FREDERICK J. HARRISON, PC
The Historic Tivoli Building
301 W. Lincolnway
Cheyenne, WY  82001
Telephone: 307-324-6639
Facsimile: 307-324-4444
Email: fred.harrison@fjhlawoffice.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KATHERINE K MORGAN, § <br> as Wrongful Death Representative of the § <br> Deceased Person, David P. Morgan; § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BAKER HUGHES INCORPORATED, § <br> a Delaware Corporation, § <br> Defendant. § | CASE #:  1:14-cv-00210-SWS |

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Pursuant to FED. R. EVID. 201, Plaintiff asks the Court to take judicial notice of two "adjudicative facts" that are "not subject to reasonable dispute;" and to instruct the jury to accept them as conclusive.

**Fact No. 1**.  Despite an extensive search, Baker Hughes could find no written procedures governing how to take fluid samples from a tote, or any documentation to show that David Morgan was trained not to do what he did at the time of his death.

**Fact No. 2**.  Baker Hughes Incorporated issued the Forklift Safe Work Practices User Guide that became effective on February 1, 2012.

### Discussion

FED. R. EVID. 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." Subpart (c) provides that the court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information."  [Italics added.]  This rule applies to adjudicative facts, which "are simply the facts of the particular case." FED. R. EVID. 201 advisory committee's note.  Although "[t]he usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses," when "particular facts are outside the area of reasonable controversy, this process is dispensed with as unnecessary." *Id*.  "A high degree of indisputability is the essential prerequisite." *Id*.  Judicial notice is mandatory when requested by a party supplying the necessary information, and a court abuses its discretion if it refuses to take judicial notice of adjudicative facts that are not reasonably subject to dispute.  *E.g., O'Toole v. Northrop Grumman Corp*., 499 F.3d 1218, 1225 (10th Cir. 2007).

The two facts of which Plaintiff requests judicial notice in this case are indisputable.  The first is taken directly from a representation made by Baker Hughes to a governmental body (OSHA).  In a letter dated April 16, 2013 from Stephenson D. Emery (counsel for Baker Hughes Incorporated in this case) to Kenneth H. Masters, Department of Workforce Services, Mr. Emery made the representation of Fact No. 1, effectively verbatim.  A true and correct copy of this letter is attached as Exhibit 1.  As the Court is aware, the Tenth Circuit held in the appeal of the first case that the Court had not abused its discretion in excluding the letter itself from evidence because it was part of settlement negotiations with OSHA.  But there is a distinction between admitting the letter itself and admitting factual information contained in the letter.  The Court recognized this distinction in the pretrial conference before the first trial.

> That file, to the extent it contains factual information, witness statements, photographs, all those types of things that would be factually pertinent to the issues in this case are usable and may be introduced, subject to -- I don't want any reference to OSHA in this matter, unless I deem it to be relevant to the issues.

Transcript of Hearing Proceedings, Final Pretrial Conference, at 16.  A true and correct copy of this statement by the Court is attached as Exhibit 2.  Plaintiff acknowledges that the letter itself should not be admitted into evidence and emphasizes that Fact No. 1 contains no reference to OSHA.  But in line with the Court's ruling on the "factual information" developed during the course of the OSHA investigation, Baker Hughes' representation as to the factual result of its inquiry into David Morgan's training is exactly the type of fact that is subject to mandatory judicial notice under Rule 201.

Judicial notice of Fact No. 1 is particularly critical in light of the Court's prior pretrial rulings.  The Court has refused to require Richard Bui, who testified as Baker Hughes' 30(b)(6) representative at the first trial, to testify live at the second trial.  Thus, Plaintiff must introduce his prior testimony.  With respect to the question as to which Mr. Emery made a positive, unqualified representation, Mr. Bui hedged:

> Q.  (BY MR. VICKERY) In 2012, prior to David Morgan's death, was there any procedure anywhere within the Baker Hughes organization, to your knowledge, on how to safely take a sample from a tote?
>
> A.  Not to my knowledge. But as I said in my deposition, we have lots of operating procedures, and I'm not familiar with all of our operating procedures. I'm familiar with our safety procedures but not the hundreds and hundreds of operating procedures that are out there.

A true and correct excerpt of Mr. Bui's testimony is attached as Exhibit 3.  Furthermore, the Court denied Plaintiff's motion *in limine* concerning the introduction of training materials.  If Defendant is allowed to introduce reams of training materials, but Plaintiff is not allowed to clarify that none of these training materials address the activity in which David Morgan was engaged at the time of his death, this will confuse the issue and mislead the jury as to Morgan's training, in violation of FED. R. EVID. 403.  The best way to avoid this error is to take judicial notice of Fact No. 1.

Fact No. 2 is a representation that counsel for Baker Hughes made to the Tenth Circuit Court of Appeals during oral argument of this case.

Judge: "Who issued the guidelines the parent or the subsidiary?"

Laitinen: "The parent[] would have issued the guidelines, Your Honor."

A true and correct copy of the transcript of this exchange is attached as Exhibit 4.[1]  As the Court may remember, in the first trial, Baker Hughes took the position that several documents that mentioned only Baker Hughes International were actually promulgated by one of its subsidiaries. Because of the centrality of the February 2012 forklift guidelines to this case, it is essential that it be clear that Baker Hughes International was the party that issued these guidelines.  It is difficult to imagine a more indisputable fact that a direct representation to the Tenth Circuit in this very case.  Again, this is a proper subject of mandatory judicial notice.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court take judicial notice of the two facts set forth above, and that it instructs the jury to accept the noticed fact as conclusive pursuant to FED. R. EVID. 201(f).

//
//
//
//
//
//
//
//
//
//
//
//

---

[1] The Tenth Circuit required that both parties make separate requests for the recording of the oral argument, and both parties did so on or about August 30, 2018.  The Tenth Circuit did not transcribe the oral argument but provided the recording.  Plaintiff had it transcribed and Exhibit 4 consists of pages from Plaintiff's transcription.  If the Court (or Defendant) has any question or concern about the accuracy of the transcription, Plaintiff hereby offers to play the relevant portion of the actual recording to the Court so that the Court can verify the accuracy of the transcript.

Respectfully submitted,

VICKERY & SHEPHERD, LLP

*/s/ Arnold Anderson Vickery*
Arnold Anderson Vickery
Texas Bar No. 20571800
Earl Lander Vickery
Texas Bar No. 20571900
10000 Memorial Drive, Suite 750
Houston, TX  77024-3485
Telephone: 713-526-1100
Facsimile: 713-523-5939
Email: andy@justiceseekers.com
Email: lanny@justiceseekers.com
*Co-Counsel for Plaintiff*

Frederick J. Harrison (WBN 5-1586)
FREDERICK J. HARRISON, PC
The Historic Tivoli Building
301 W. Lincolnway
Cheyenne, WY  82001
Telephone: 307-324-6639
Facsimile: 307-324-4444
Email: fred.harrison@fjhlawoffice.com
*Counsel for Plaintiff*

Certificate of Service

I hereby certify that on September 13, 2018, I electronically filed Plaintiff's Request for Judicial Notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following counsel of record:

    Mark A. Solheim, Esq.
    Stephen P. Laitinen, Esq.
    LARSON • KING, LLP
    2800 Wells Fargo Place
    30 E. Seventh Street
    St. Paul, MN  55101

    Stephenson D. Emery, Esq.
    WILLIAMS, PORTER, DAY & NEVILLE, PC
    159 N. Wolcott St., Suite 400
    Casper, WY  82601

*/s/ Arnold Anderson Vickery*
Arnold Anderson Vickery